IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| REBECCA BEATTIE, Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CITRUS MEMORIAL HOSPITAL, INC. d/b/a HCA FLORIDA CITRUS HOSPITAL,<br><br>    Defendant. | Case No. 5:24-cv-00301-MMH-PRL<br><br>Judge Marcia Morales Howard<br><br>Magistrate Judge Philip R. Lammens<br><br>Jury Trial Demanded |

## AMENDED ANSWER

Defendant Citrus Memorial Hospital, Inc. d/b/a HCA Florida Citrus Hospital ("Citrus Hospital") submits this Amended Answer to the Complaint as follows:

1.   Citrus Hospital admits that Plaintiff purports to bring this action as described in Paragraph 1, but denies that she is entitled to do so or that it has engaged in any act or omission giving rise to such claims.

2.   Citrus Hospital admits that it employed Plaintiff at its hospital in Inverness, Florida, but denies the remaining allegations in Paragraph 2.

3.   Citrus Hospital admits that it paid Plaintiff on an hourly basis, but denies the remaining allegations in Paragraph 3.

4.   Citrus Hospital admits that Plaintiff sometimes worked more than 40

1

hours a week, but denies the remaining allegations in Paragraph 4.

    5.     Citrus Hospital denies the allegations in Paragraph 5.

    6.     Citrus Hospital denies the allegations in Paragraph 6.

    7.     Citrus Hospital denies the allegations in Paragraph 7.

    8.     Citrus Hospital denies the allegations in Paragraph 8.

    9.     Citrus Hospital denies the allegations in Paragraph 9.

    10.    Citrus Hospital denies the allegations in Paragraph 10.

    11.    Citrus Hospital admits that Plaintiff asserts federal question jurisdiction pursuant to the cited statute, but denies that it engaged in any act or omission necessitating the exercise of the Court's jurisdiction in this matter.

    12.    Citrus Hospital admits that Plaintiff asserts personal jurisdiction in this judicial district pursuant to the cited statute, but denies that it engaged in any act or omission necessitating the exercise of the Court's jurisdiction in this matter.

    13.    Citrus Hospital admits that Plaintiff asserts venue in this judicial district pursuant to the cited statute, but denies that it engaged in any act or omission necessitating the exercise of this Court's jurisdiction in any respect.

    14.    Citrus Hospital admits the allegations in Paragraph 14.

    15.    Citrus Hospital admits that Plaintiff worked as a Registered Nurse in the Emergency Department in Inverness, Florida from August 2016 to November 2020, but denies the remaining allegations in Paragraph 15.

16. Citrus Hospital admits the allegations in Paragraph 16.

17. Citrus Hospital denies the allegations in Paragraph 17.

18. Citrus Hospital denies the allegations in Paragraph 18.

19. Citrus Hospital denies the allegations in Paragraph 19.

20. Citrus Hospital denies the allegations in Paragraph 20.

21. Citrus Hospital denies the allegations in Paragraph 21.

22. Citrus Hospital denies the allegations in Paragraph 22.

23. Citrus Hospital denies the allegations in Paragraph 23.

24. Citrus Hospital admits that Paragraph 24 defines a purported FLSA "collective," but denies that it has or ever had a policy requiring an automatic "meal period deduction," denies that collective treatment is warranted or necessary, and denies that Plaintiff is able to state a claim for collective treatment under the FLSA.

25. Citrus Hospital denies the allegations in Paragraph 25.

26. Citrus Hospital admits the allegations in Paragraph 26.

27. Citrus Hospital admits the allegations in Paragraph 27.

28. Citrus Hospital admits the allegations in Paragraph 28.

29. Citrus Hospital admits the allegations in Paragraph 29.

30. Citrus Hospital admits the allegations in Paragraph 30.

31. Citrus Hospital admits the allegations in Paragraph 31 with respect to Plaintiff, but denies the remaining allegations in Paragraph 31.

32. Citrus Hospital admits the allegations in Paragraph 32 with respect to Plaintiff, but denies the remaining allegations in Paragraph 32.

33. Citrus Hospital denies the allegations in Paragraph 33.

34. Citrus Hospital denies the allegations in Paragraph 34.

35. Citrus Hospital denies the allegations in Paragraph 35.

36. Citrus Hospital denies the allegations in Paragraph 36.

37. Citrus Hospital admits the allegations in Paragraph 37.

38. Citrus Hospital admits the allegations in Paragraph 38 with respect to Plaintiff, but denies the remaining allegations in Paragraph 38.

39. Citrus Hospital admits that Plaintiff was classified as non-exempt and paid on an hourly basis, but denies that it "uniformly" classifies employees as non-exempt and denies the remaining allegations in Paragraph 39.

40. Citrus Hospital denies the allegations in Paragraph 40.

41. Citrus Hospital admits that it employed Plaintiff as a Registered Nurse from August 2016 to November 2020 and in a different role from November 2020 through October 2021, but denies that it employed Plaintiff prior to August 2016.

42. Citrus Hospital admits that the allegations in Paragraph 42 describe some of Plaintiff's job duties and that Plaintiff was required to follow Citrus Hospital's policies and procedures, but denies the remaining allegations in Paragraph 42 that are inconsistent with the foregoing.

43. Citrus Hospital admits the allegations in Paragraph 43.

44. Citrus Hospital admits that Plaintiff was paid at her overtime rate of pay for her hours worked over 40 in a workweek, but denies that her hourly rate of pay was "approximately $47.00."

45. Citrus Hospital admits the allegations in Paragraph 45.

46. Citrus Hospital admits the allegations in Paragraph 46.

47. Citrus Hospital admits that Plaintiff sometimes worked more than forty hours per week.

48. Citrus Hospital denies the allegations in Paragraph 48.

49. Citrus Hospital denies the allegations in Paragraph 49.

50. Citrus Hospital denies the allegations in Paragraph 50.

51. Citrus Hospital denies the allegations in Paragraph 51.

52. Citrus Hospital denies the allegations in Paragraph 52.

53. Citrus Hospital denies the allegations in Paragraph 53.

54. Citrus Hospital denies the allegations in Paragraph 54.

55. Citrus Hospital admits the allegations in Paragraph 55 with respect to Plaintiff, but denies the remaining allegations in Paragraph 55.

56. Citrus Hospital admits that Plaintiff was required to follow and adhere to its policies and procedures applicable to her, but denies that all policies and procedures governing work, time, pay, meal breaks, and overtime were common to

all Citrus Hospital employees performing patient care jobs and denies the remaining allegations in Paragraph 56.

57. Citrus Hospital admits the allegations in Paragraph 57 with respect to Plaintiff, but denies the remaining allegations in Paragraph 57.

58. Citrus Hospital admits the allegations in Paragraph 58 with respect to Plaintiff, but denies the remaining allegations in Paragraph 58.

59. Citrus Hospital admits the allegations in Paragraph 59 with respect to Plaintiff, but denies the remaining allegations in Paragraph 59.

60. Citrus Hospital denies the allegations in Paragraph 60.

61. Citrus Hospital denies the allegations in Paragraph 61.

62. Citrus Hospital denies the allegations in Paragraph 62.

63. Citrus Hospital denies the allegations in Paragraph 63.

64. Citrus Hospital denies the allegations in Paragraph 64.

65. Citrus Hospital denies the allegations in Paragraph 65.

66. Citrus Hospital denies the allegations in Paragraph 66.

67. Citrus Hospital denies the allegations in Paragraph 67.

68. Citrus Hospital denies the allegations in Paragraph 68.

69. Citrus Hospital denies the allegations in Paragraph 69.

70. Citrus Hospital denies the allegations in Paragraph 70.

71. Citrus Hospital denies the allegations in Paragraph 71.

72. Citrus Hospital denies the allegations in Paragraph 72.

73. Citrus Hospital denies the allegations in Paragraph 73.

74. Citrus Hospital denies the allegations in Paragraph 74.

75. Citrus Hospital denies the allegations in Paragraph 75.

76. Citrus Hospital denies the allegations in Paragraph 76.

77. Citrus Hospital denies the allegations in Paragraph 77.

78. Citrus Hospital denies the allegations in Paragraph 78.

79. Citrus Hospital admits that Plaintiff worked more than 40 hours in at least one workweek during the relevant period, but denies the remaining allegations in Paragraph 79.

80. Citrus Hospital denies the allegations in Paragraph 80.

81. Citrus Hospital denies the allegations in Paragraph 81.

82. Citrus Hospital denies the allegations in Paragraph 82.

83. Citrus Hospital denies the allegations in Paragraph 83.

84. Citrus Hospital incorporates all responses contained in the foregoing paragraphs.

85. Citrus Hospital denies the allegations in Paragraph 85.

86. Citrus Hospital denies the allegations in Paragraph 86.

87. Citrus Hospital denies the allegations in Paragraph 87.

88. Citrus Hospital denies the allegations in Paragraph 88.

89. Citrus Hospital denies the allegations in Paragraph 89.

90. Citrus Hospital denies the allegations in Paragraph 90.

91. Citrus Hospital denies the allegations in Paragraph 91.

92. Citrus Hospital denies the allegations in Paragraph 92.

93. Citrus Hospital denies the allegations in Paragraph 93.

94. Citrus Hospital denies the allegations in Paragraph 94.

95. Citrus Hospital denies the allegations in Paragraph 95.

96. Citrus Hospital denies the allegations in Paragraph 96.

97. Citrus Hospital denies the allegations in Paragraph 97.

98. Citrus Hospital denies the allegations in Paragraph 98.

99. Citrus Hospital denies the allegations in Paragraph 99.

100. Citrus Hospital denies the allegations in Paragraph 100.

101. Citrus Hospital denies the allegations in Paragraph 101.

102. Citrus Hospital denies the allegations in Paragraph 102.

103. Citrus Hospital denies the allegations in Paragraph 103.

104. Citrus Hospital denies the allegations in Paragraph 104.

105. Citrus Hospital denies the allegations in Paragraph 105.

106. Citrus Hospital denies the allegations in Paragraph 106.

107. Citrus Hospital is without knowledge or information sufficient to form a response to the allegations in Paragraph 107, and therefore denies same.

108. Citrus Hospital denies the allegations in Paragraph 108.

109. Citrus Hospital denies the allegations in Paragraph 109.

110. Citrus Hospital denies the allegations in Paragraph 110.

111. Citrus Hospital incorporates all responses contained in the foregoing paragraphs.

112. Citrus Hospital admits the allegations in Paragraph 112.

113. Citrus Hospital admits the allegations in Paragraph 113 with respect to Plaintiff, but denies the remaining allegations in Paragraph 113.

114. Citrus Hospital admits the allegations in Paragraph 114 with respect to Plaintiff, but denies the remaining allegations in Paragraph 114.

115. Citrus Hospital admits the allegations in Paragraph 115 with respect to Plaintiff, but denies the remaining allegations in Paragraph 115.

116. Citrus Hospital admits the allegations in Paragraph 116 with respect to Plaintiff, but denies the remaining allegations in Paragraph 116.

117. Citrus Hospital admits the allegations in Paragraph 117 with respect to Plaintiff, but denies the remaining allegations in Paragraph 117.

118. Citrus Hospital admits the allegations in Paragraph 118 with respect to Plaintiff, but denies the remaining allegations in Paragraph 118.

119. Citrus Hospital denies the allegations in Paragraph 119.

120. Citrus Hospital denies the allegations in Paragraph 120.

121. Citrus Hospital denies the allegations in Paragraph 121

122. Citrus Hospital denies the allegations in Paragraph 122.

123. Citrus Hospital denies the allegations in Paragraph 123.

124. Citrus Hospital denies the allegations in Paragraph 124.

125. Citrus Hospital denies the allegations in Paragraph 125.

126. Citrus Hospital denies the allegations in Paragraph 126.

127. Citrus Hospital denies the allegations in Paragraph 127.

128. Citrus Hospital denies the allegations in Paragraph 128.

129. Citrus Hospital denies the allegations in Paragraph 129.

130. Citrus Hospital denies the allegations in Paragraph 130.

131. Citrus Hospital denies the allegations in Paragraph 131.

132. Citrus Hospital incorporates all responses contained in the foregoing paragraphs.

133. Citrus Hospital admits that Plaintiff purports to bring this action as described in Paragraph 133, but denies that she is entitled to do so or that it has engaged in any act or omission giving rise to such claims.

134. Citrus Hospital denies the allegations in Paragraph 134.

135. Citrus Hospital denies the allegations in Paragraph 135.

136. Citrus Hospital denies the allegations in Paragraph 136.

137. Citrus Hospital denies the allegations in Paragraph 137.

138. Citrus Hospital denies the allegations in Paragraph 138.

139. Citrus Hospital denies the allegations in Paragraph 139.

140. Citrus Hospital admits that Plaintiff demands a trial by jury.

141. Citrus Hospital denies that Plaintiff is entitled to any relief.

142. Citrus Hospital denies all allegations not specifically admitted or denied herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, against Citrus Hospital, upon which relief can be granted, either on her behalf or on behalf of those persons she purports to represent or to whom she purports to be similarly situated.

### SECOND DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C. §§ 255 and 256.

### THIRD DEFENSE

Citrus Hospital denies that this action can be maintained as a collective action and further denies that Plaintiff can establish the existence of each of the requirements necessary to obtain certification of an FLSA collective action under 29 U.S.C. § 216(b).

### FOURTH DEFENSE

Any actions taken with respect to Plaintiff, and any other individuals she

11

alleges to be similarly situated, were taken in good faith in conformity with employee timekeeping records and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

## FIFTH DEFENSE

Plaintiff's claims and the claims of those she alleges are similarly situated are barred in whole or part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any actions taken in connection with Plaintiff's compensation and the compensation of the alleged similarly situated employees were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate or reduce any potential award of liquidated damages pursuant to 29 U.S.C. § 260.

## SIXTH DEFENSE

Citrus Hospital states that, upon information and belief, Plaintiff, and all of the individuals she alleges to be similarly situated, have received full payment for all work, if any, performed at Citrus Hospital and that Citrus Hospital has no knowledge or any time worked for which Plaintiff and all of the individuals she alleges to be similarly situated have not been paid.

## SEVENTH DEFENSE

Upon information and belief at all times relevant and material to this matter, Plaintiff and the class of persons Plaintiff purports to represent received an hourly wage sufficient to comply with the minimum wage requirements of 29 U.S.C. § 206.

## EIGHTH DEFENSE

Upon information and belief at all times relevant and material to this matter, Plaintiff and the class of persons Plaintiff purports to represent received overtime compensation when required by 29 U.S.C. § 207.

## NINTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent Plaintiff affirmatively misled Defendant regarding the number of hours she worked. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

## TENTH DEFENSE

If Citrus Hospital was obligated but failed to pay Plaintiff and the class of persons Plaintiff purports to represent for work in excess of 40 in a workweek, the uncompensated time is *de minimus*.

## ELEVENTH DEFENSE

Any claimed violation of the FLSA by Citrus Hospital as alleged in the Complaint was not willful. This defense also applies to the potential claims of the alleged similarly situated employees.

## TWELFTH DEFENSE

Plaintiff's claims and the claims of those she alleges are similarly situated are barred in whole or part by, and not limited to, the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any actions taken in connection with Plaintiff's compensation and the compensation of the alleged similarly situated employees would have been done in good faith and with reasonable reliance on

13

written regulations, orders, rulings, approvals, interpretations, and written and unwritten practices or enforcement policies of federal and state administrative agencies.

## THIRTEENTH DEFENSE

To the extent Plaintiff and the alleged similarly situated employees are awarded liquidated damages, they are not entitled to prejudgment interest.

## FOURTEENTH DEFENSE

Citrus Hospital reserves the right to assert any additional defense allowed by Federal Rule of Civil Procedure 8 depending upon any evidence discovered in pursuit or defense of this litigation.

## FIFTEENTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part because they seek relief for non-compensable activities and/or for time not considered hours worked under the FLSA.

## SIXTEENTH DEFENSE

To the extent Plaintiff and those similarly situated did not work hours in excess of forty hours within a given work week, such individuals are not entitled to any recovery under the FLSA.

## SEVENTEENTH DEFENSE

Any claims asserted by Plaintiff, and any other individuals she alleges to be similarly situated, are barred on account of their failure to exhaust the grievance procedure specified by the applicable collective bargaining agreement between their employer and the union(s) representing its workforce.

## **EIGHTEENTH DEFENSE**

Citrus Hospital alleges that certification of a claim as applied to the facts and circumstances of this case would constitute a denial of due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Citrus Hospital requests that the Complaint be dismissed with prejudice, that it be awarded its costs and expenses in the amount and manner permitted by applicable law, and that the Court award such other fair relief as is just and proper.

*/s/ Mark W. Peters*
Mark W. Peters (TN BPR No. 018422)
(admitted *pro hac vice*)
Devin J. Dunkley (TN BPR No. 040222)
(admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
markwpeters@hklaw.com
devin.dunkley@hklaw.com

Daniel J. Kavanaugh (FL Bar No. 123580)
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 244-1139
Facsimile: (407) 244-5288
daniel.kavanaugh@hklaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via the Court's CM/ECF system on August 29, 2024 upon:

Brandon J. Hill
Luis A. Cabassa
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
T: (813) 379-2565
bhill@wfclaw.com
lcabassa@wfclaw.com

Carl A. Fitz
FITZ LAW PLLC
3730 Kirby Drive, Suite 1200
Houston, Texas 77098
T: (713) 766-4000
carl@fitzlegal.com

                                                 */s/ Mark W. Peters*