UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REBECCA BEATTIE, Individually and
for Others Similarly Situated,

    Plaintiff,

v.                                                       Case No: 5:24-cv-301-MMH-PRL

CITRUS MEMORIAL HOSPITAL,
INC. d/b/a HCA FLORIDA CITRUS
HOSPITAL,

    Defendant.

### REPORT AND RECOMMENDATION[1]

This Fair Labor Standards Act ("FLSA") case is before the Court on the parties' amended and renewed joint motion to approve their settlement and dismiss the lawsuit with prejudice. (Doc. 41). The Court previously deferred ruling on the motion explaining that certain provisions in the initial settlement agreement precluded the Court's approval. (Doc. 40). The parties have now filed a revised settlement agreement. (Doc. 41-1). The Court must determine whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

## I. LEGAL STANDARDS

If a settlement is unsupervised by the Department of Labor, compromise of FLSA claims is only available "[w]hen employees bring a private action for back wages under the FLSA, . . . present to the district court a proposed settlement, [and it] . . . enter[s] a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> employees are likely . . . represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages . . . actually in dispute; we allow the district court to approve the settlement . . . to promote the policy of encouraging settlement of litigation.

*Id.*

## II. DISCUSSION

As set forth in the revised Settlement Agreement and Release (Doc. 41-1), Defendant will pay a total sum of $2,767.25 to resolve this matter, to include the following: (1) $767.25 to Plaintiff representing compensation for unpaid overtime wages; (2) $585.00 for Plaintiff's reimbursable expenses; and (3) $1,415.00 to Plaintiff's counsel for attorney's fees. The parties represent that the amount Defendant will pay Plaintiff for her alleged unpaid overtime wages exceeds by more than 25% the unpaid overtime wages that she herself claims she is owed

under the FLSA.[2] The parties were represented by counsel experienced in litigating FLSA claims and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The parties agree that the settlement, which is the result of sufficient investigation and exchange of information, is a fair and reasonable compromise of Plaintiff's FLSA claims given the risks and uncertainties of litigation. Given my independent review, I agree that the settlement amount is fair and reasonable.

With respect to the agreed-to sum for attorney's fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. (Doc. 35 at ¶8); *see Bonetti v. Embarq Mgmt. Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $1,415.00 for attorney's fees and costs appears to be reasonable.[3]

Next, the Court identified three problematic provisions in the original settlement agreement—i.e., the general release, the no future employment provision, and the non-defamation provision. The parties have addressed these provisions in their revised settlement agreement. As an initial matter, the parties have agreed to delete the non-defamation provision. As for the general release, while it is broader than those normally permitted to settle

---

[2] After reviewing Plaintiff's timekeeping and payroll records during discovery, Plaintiff's counsel calculated Plaintiff's maximum wages owed for overtime under the FLSA to be $604.50. (Doc. 41 at 8). Pursuant to the Settlement Agreement, Plaintiff will receive $767.25 which is over twenty-five percent more for her alleged unpaid overtime wages than she claims to be owed.

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in-depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

FLSA actions, it is acceptable here for several reasons. First, Defendant has agreed to make the release mutual. Second, Plaintiff is receiving independent consideration for the release of claims in the form of additional monetary compensation beyond what Plaintiff alleges she is owed under the FLSA, as well as a neutral reference. *See e.g., Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving general release, non-disparagement provision, and waiver of future employment where plaintiff received separate consideration from that under the FLSA, specifically $500.00, mutual release of claims, and neutral reference agreement).

Turning to the No Future Employment provision, Plaintiff "acknowledges that she has no interest in future employment" with Defendant or its affiliates and waives her right to seek reemployment. Based on Plaintiff's lack of interest in working for Defendant, the parties' no future employment provision does not invalidate their settlement agreement. *See English v. Lightspeed Construction Group, LLC*, 8:24-cv-1216-TPB-NHA, 2025 WL 552883, at 3 (M.D. Fla. Jan. 22, 2025), *report and recommendation adopted*, *English v. Lightspeed Construction Group, LLC*, 2025 WL 549142 (M.D. Fla. Feb. 19, 2025); *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2013 WL 4774617, at *3 M.D. Fla. Sept. 4, 2013) ("where a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair.").

Accordingly, I submit that the Settlement Agreement and Release (Doc. 41-1) should be approved as a fair and reasonable compromise of Plaintiff's FLSA claim.

As a final matter, the parties summarily request in their joint motion that the Court reserve jurisdiction for a period of 30 days to enforce the settlement agreement. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA

settlement agreement if no federal claims remain. *See, e.g., English*, 2025 WL 552883, at *3 (denying request for Court to retain jurisdiction to enforce FLSA settlement agreement because the parties identify no independent basis for jurisdiction); *Waltz v. Old Dominion Freight Line, Inc.,* No. 6:23-cv-411-WWB-DCI 2023 WL 7411515, at *2 (M.D. Fla. May 2, 2023) (collecting cases in which courts denied request to retain jurisdiction to enforce terms of FLSA settlement); *Larry Shealy v. C&S Medical Supply Inc.,* No. 3:19-cv-718-J-39PDB, 2019 WL 11504662, at *7 (M.D. Fla. Nov. 12, 2019), *report and recommendation adopted*, *Larry Shealy v. C&S Medical Supply Inc.*, 2019 WL 11504663 (M.D. Fla. Dec. 9, 2019) (declining to retain jurisdiction where Plaintiff offers no reason for the court to do so and the agreement states that it will be governed by Florida law). Here, the parties have agreed that the settlement agreement will be governed and construed by Florida law. In the absence of any explanation by the parties as to why this Court should vary from its general practice and retain jurisdiction, I submit that the request should be denied.

### III. RECOMMENDATION

For the reasons stated above, I recommend that the parties' renewed joint motion for settlement approval (Doc. 41) should be **granted** to the extent the Court approve the FLSA Settlement Agreement (Doc. 41-1) and dismiss the case with prejudice; and it should be **denied** to the extent that the Court decline to retain jurisdiction to enforce the settlement.

DONE and ENTERED in Ocala, Florida on March 7, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy